UNITED STATES DISTRICT COURT
DISTRICT OF MAINE


| | | |
|---|---|---|
| DONALD A. WHITE, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | Civil No. 10-406-P-H |
| | ) | |
| MATHEW GRIFFIN, et al., | ) | |
| | ) | |
| Defendants | ) | |

ORDER GRANTING LEAVE TO PROCEED
*IN FORMA PAUPERIS*

Plaintiff, an inmate at the Maine Correctional Center, Windham, Maine, seeks leave to proceed *in forma pauperis*. The Application to proceed *in forma pauperis* has been completed and is accompanied by a Certificate signed by an authorized individual from the Institution. The Certificate evidences that the applicant has in his General Trust Account and his Telephone Account a total of $22.79 as of September 21, 2010; that over the last six months the average deposits to those accounts have been $10.83 and the average monthly balance in those accounts has been $61.01.

The application is GRANTED, however, pursuant to 28 U.S.C. section 1915(b)(1), Plaintiff is required to pay the entire filing fee in this matter as funds become available. An initial partial filing fee is hereby ASSESSED in the amount of $12.20. In the event Plaintiff elects to proceed with this matter and so notifies the Court, the initial partial filing fee shall be forwarded in accordance with this Order. Subsequent payments **of twenty percent (20%) of Plaintiff's prior monthly income** shall be forwarded directly **by the institution** each time the amount in the inmate's account exceeds $10.00 until such time as the entire filing fee of $350.00

has been paid.  Plaintiff is advised that, in the event he is released from incarceration prior to the filing fee of $350.00 being paid in full, he is still required to pay the entire filing fee, absent further order of the court relieving him of the obligation.

In addition, Plaintiff is hereby on notice that the Court may dismiss this action if it:

(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or

(2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).  If the Court does dismiss the action under this section, Plaintiff will still be required to pay the filing fee in full.

Further, Plaintiff is hereby on notice that a prisoner with three in forma pauperis actions dismissed under section 1915(e) may not thereafter, absent "imminent danger of serious physical injury," file a new action without prepayment of the entire filing fee.  28 U.S.C. § 1915(g).

White's complaint is particularly susceptible to dismissal.  In his pleading White indicates that he is "moving forward to divulge information on any and all illegal drug activity" in his area and he represents that he has a lot of knowledge concerning these dealings.  His principal defendant is Detective Matthew Griffin.  He states that Griffin manipulated his co-defendant's mother throughout the whole trial by scaring her with thoughts that her son would be going to prison long term.  He insists that Griffin has slandered and harassed his family and himself for thirteen years and that his family was unlawfully detained.  He asks whether the District Attorney's office in Auburn, Maine is more concerned with the finding of fact for conviction than the finding of fact for the truth?  He represents that his family has suffered embarrassment, harassment, and slander as a consequence of the actions of the assistant district attorney and notes that there have been newspaper articles that have appeared that are half fact and half

fiction. He indicates that he wishes he had stood firm at the trial rather than taken a plea on the second day. White also complains about a wrongful prosecution in 2001 and 2002 which apparently resulted in a not guilty verdict. In addition, White states that the Androscoggin County Jail and Sheriff's Department have failed to protect and serve his family, citing an incident of home intrusion in 2002-2003. He also states that while incarcerated at the jail in 2009 he was questioned, harassed, and slandered. White also mentions an incident in September 2009 in which he responded to a call from a female friend and was attacked by her ex-boyfriend. White indicates that when he was leaving the scene with the ex-boyfriend he was accidently run over. He complains that the indictment against him said he was being uncooperative in that he invoked his rights. White was arrested. He feels like he has been overcharged. In his closing remarks White indicates that he writes about these incidents past and present and he seems to be saying he wants to move on to his future, accept responsibility for his wrongs, but still wants to bring to light what was covered up by the overzealous Detective Griffin and hold him accountable. He concedes that they both have personal biases.

First, White gives the court no idea what theory of 42 U.S.C. § 1983 liability he is pressing as to any of the matters in his pleading beyond his statement that he wants the court to do anything and everything to secure his family's and his rights to freedom, liberty, justice, safety. He repeatedly references his desire to have an attorney appointed to help him gather the necessary information. There is no absolute right to counsel in a 42 U.S.C. § 1983 proceeding and White's pleading does not justify appointment at this point. See Demmons v. Tritch, 484 F.Supp.2d 177, 185 n.11 (D.Me. 2007). Looked at as a whole, this is not a civil rights complaint

but a missive relaying of White's hopes that he can gather enough information to justify bringing suit.

More specifically, as to all events and parties involved in White's life in 2001 through 2003, this complaint is susceptible to dismissal because there is a six-year statute of limitation. See Douglas v. York County, 433 F.3d 143, 144 (1st Cir. 2005) ("Since there is no federal statute of limitations for federal civil rights actions, courts look to the state limitations period for personal injury actions. See Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 6 (1st Cir.2005) (citing Owens v. Okure, 488 U.S. 235, 240-41, 249-50 (1989)). The Maine statute of limitations for personal injury actions is six years. Me.Rev.Stat. Ann. tit. 14, § 752."). As to the claim tethered to the September 2009 incident it appears that White has a pending post-conviction proceeding and this court could not offer him any remedy in a civil rights suit until that conviction is invalidated. See Heck v. Humphrey, 512 U.S. 477 (1994). I also note for White's benefit that the Maine State Police Department and the Androscoggin District Attorney's Office are immune from suit. Poirier v. Massachusetts Dept. of Correction, 558 F.3d 92, 97 & n.6 (1st Cir. 2009). As for the Androscoggin County District Attorney's Office, the only factual content that relates to that office is White's assertions regarding an assistant district attorney involved in a 2001 and 2002 prosecution of White, apparently for gross sexual assault; even if presented as a claim against the district attorney involved this claim is not only untimely as noted above, but the prosecutor enjoys absolute immunity vis-à-vis prosecutorial decisions. See Imbler v. Pachtman, 424 U.S. 409, 430 (1975); Reid v. New Hampshire, 56 F.3d 332, 337 (1st Cir. 1995). With respect to the Androscoggin County Sheriff's Department and the County Jail, White's factual allegations come nowhere near stating a plausible policy and custom municipal

liability claim.  See Whitfield v. Melendez-Rivera, 431 F.3d 1, 9 -14 (1st Cir. 2005); see also Walker v. Prince George's County, 575 F.3d 426, 431 (4th Cir. 2009).  Regarding the individual officers at the jail, "[a]s a general rule threats and harassment alone, even when they come directly from the mouth of a correctional officer, will not constitute cruel and unusual punishment.  Doe v. Magnusson, Civ. No. 04-130-B-W, 2005 WL 758454, 15 (D. Me. Mar, 21, 2005) (collecting cases) (recommended decision), aff'd, 2005 WL 859272 (D. Me. Apr. 14, 2005).  Finally, apropos White's assertion that he was not assisted by the police during a home intrusion, this allegation does not state a substantive due process failure to protect claim.  See Rivera v. Rhode Island, 402 F.3d 27, 37 -38 (1st Cir. 2005).  I advise White to carefully consider the foregoing before he decides to incur the cost of this suit.

Now therefore, White shall notify the Court no later than October 22, 2010, whether he intends to incur the cost of the filing fee and proceed with this action, or whether he intends to forego this litigation at this time.  If Plaintiff elects to proceed, he shall clearly indicate in writing that he understands his obligation to pay the full $350 filing fee as funds are available, and he shall forward the initial partial filing fee of $12.20 to the Court together with that written notification to indicate that he nevertheless wishes to proceed with the action.  Failure to fully comply with this Order will result in the issuance of a recommendation to dismiss the Complaint.  A copy of this Order shall be forwarded to the Business Office of Maine Correctional Center, Windham, Maine, *following* Plaintiff's **indication to the Court that he intends to go forward with this matter and incur the $350.00 cost of suit.**

    SO ORDERED.

    October 1, 2010                       /s/ Margaret J. Kravchuk
                                                     U.S. Magistrate Judge